UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELL WINSTON,

Plaintiff,

Case No. 25-cv-12346
Honorable Linda V. Parker

v.

NEW ORLEANS PELICANS, LLC, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Tyrell Winston ("Plaintiff") commenced this action on July 30, 2025, asserting claims of copyright infringement against Defendant New Orleans Pelicans, LLC ("Defendant"). (ECF No. 1.) Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2)-(3). (ECF No. 13.) In support of dismissal, Defendant asserts that this Court lacks personal jurisdiction and that the Eastern District of Michigan is an improper venue. In the alternative, Defendant moves to transfer venue to the Eastern District of Louisiana under 28 U.S.C. § 1404(a). (*Id.*) The motion is fully briefed. (ECF Nos. 14, 15.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local

Rule 7.1(f). For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## I. **Rule 12(b)(2) and 12(b)(3) Standard**

The plaintiff has the burden of establishing the court's jurisdiction over a defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). To defeat a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction. *See id.* A prima facie showing requires the plaintiff to "demonstrate facts which support a finding of jurisdiction[.]" *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Where there is no evidentiary hearing on the matter, "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

## II. **Background**

Plaintiff is a visual artist who creates, among other artwork, two- and three-dimensional sculptures using deflated basketballs in grid compositions. (ECF No. 1, at PageID.1.) Plaintiff claims to hold a copyright to all these creations. (*Id.*, at PageID.8.)

Defendant is a Louisiana-based National Basketball Association franchise team. Defendant is a Delaware limited liability company ("LLC") with its principal place of business in Louisiana. (*Id*., at PageID.3.) Plaintiff alleges that Defendant has systemic and continuous business in Detroit, Michigan. *Id*.

In September or October 2024, Defendant posted photos on Instagram with Defendant's players in the foreground and deflated basketballs in a grid pattern in the background. (*Id*., at PageID.9-10.) Plaintiff alleges that these photos violate his copyrights on his previous work. (*Id*., at PageID.11-13.)

Through his counsel, Plaintiff sent Defendant a cease-and-desist regarding the infringing posts. (ECF No. 1, at PageID.14.) Defendant did not comply. (*Id*.) Accordingly, in July 2025, Plaintiff filed the present action claiming copyright infringement, vicarious copyright infringement, and contributory copyright infringement. (*Id*., at PageID.14-18.)

## III. **Applicable Law and Analysis**

To assess whether it has personal jurisdiction over Defendant, this Court considers whether Plaintiff has alleged sufficient facts to support a prima facie showing of jurisdiction. *Theunissen*, 935 F.2d at 1458. In response to Defendant's motion, Plaintiff does not claim that this Court has general jurisdiction over Defendant. (*See* ECF No. 14.) Therefore, the Court considers the argument waived and will, instead, turn to specific jurisdiction.

When federal court jurisdiction is founded on the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction does not deny the defendant due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

Turning first to Michigan's long-arm statute, both Plaintiff and Defendant focus on the provisions applicable to corporations. Defendant, however, is an LLC. (ECF No. 14, at PageID.143.) Therefore, the applicable Michigan long-arm statute governing this Court's "limited" jurisdiction over Defendant is not Michigan Compiled Laws § 600.715, which Plaintiff and Defendant both rely upon, but Michigan Compiled Laws § 600.735. (ECF No. 13, at PageID.69; ECF No. 14, at PageID.143); s*ee MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F.Supp.2d 729, 736 (E.D. Mich. 1998).

Nonetheless, the Michigan Supreme Court has held that all sections of the Michigan long-arm statute extend as far as due process permits. *Green v. Wilson*, 565 N.W.2d 813, 816 (Mich. 1997). In addition, § 600.715 and § 600.735 are substantively identical, so this Court finds the caselaw on which the parties rely to be applicable to the statute which, in fact, applies here. Still, Defendant does not grapple with the specific provisions of the long-arm statute, focusing instead on what due process requires. So the Court will do the same.

The Sixth Circuit applies a three-part test to analyze whether exercising personal jurisdiction comports with due process: (1) the defendant must have purposefully availed itself of the privilege of acting, or causing a consequence, in the forum state; (2) the plaintiff's claim(s) against the defendant must arise from the defendant's activities in the forum state; and (3) the defendant's actions, or the consequences they caused, must have a substantial enough connection with the forum state to make it reasonable for the court to exercise jurisdiction. *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 441 (6th Cir. 2022).

Purposeful availment arises when a defendant "deliberately has engaged in significant activities within a State . . . or has created 'continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (citations omitted). The defendant's physical presence in the forum state is not required. *Id*.

Where, as here, the plaintiff's claim involves an intentional tort (copyright infringement), the analysis is an "updated" version of the "effects test" first enunciated in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), which considers whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Under this standard, tortious conduct intentionally directed into

the forum state and producing harmful effects is enough to establish minimum contacts. *Id*.

In this case, Plaintiff alleges that Defendant's business activity,  Instagram posts, and connection to Plaintiff all establish Defendant's purposeful availment. (ECF No. 14, at PageID.144-47.) None of these arguments satisfy the applicable standards under *Peters* and *Calder*.

Beginning with Defendant's business connections with Michigan, Plaintiff fails to connect these contacts to the activity allegedly breaching his copyright, thus failing to meet the second requirement of both *Peters* and *Calder*. *Peters*, 40 F.4th at 441; *Calder*, 465 U.S. at 789-90. Plaintiff alleges that Defendant advertises to Michigan audiences leading up to games in Detroit and engages fans through social media and promotional content in this District. (ECF No.14, at PageID.137.) He also references that Defendant's coach, manager, and senior basketball executives "all have roots in Detroit or prior affiliations with the [Detroit] Pistons." (ECF No. 14, at PageID.135, 145.)

National advertising that happens to reach a market does not establish purposeful availment for personal jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472 (6th Cir. 2003). And in this case, Plaintiff does not allege or explain how Defendant's business travel to Michigan or the "roots' of its leaders connect to the alleged infringement. (ECF No. 14, at PageID.147.) The

Court also wonders how Defendant targeted Michigan, given the NBA rule limiting advertising to 150-mile radius around each team's home city. (ECF No. 15, at PageID.264.); *see* Anthony Schoettle, *NBA rule change significantly increases Pacers' advertising reach*, Indianapolis Bus. J., (Mar. 2, 2016), https://perma.cc/Z7YF-KDFY. Accordingly, Defendant's general business contacts are insufficient to establish purposeful availment under *Peters* and *Calder*.

The Court now turns to the allegedly infringing posts themselves. Plaintiff claims that the Instagram posts from September or October 2024 establish Defendant's contacts with Michigan. (ECF No. 1, at PageID.9.) However, Plaintiff's Complaint does not allege facts that Defendant directed the posts towards Michigan. (*Id*., at PageID.3.) In his response brief, though, he does claim that the infringing posts were "directed at national and regional fan bases, including the profitable Detroit market." (*Id*.)

When a defendant posts on social media with no affirmative steps to direct communications to anyone in the forum state, the defendant is not availing itself of that State in particular. *Blessing v. Chandrasekhar*, 988 F.3d 889, 906 (6th Cir. 2021).[1] And when considering social media posts, the question is whether "the

---

[1] In its reply brief, Defendant attributes *Blessing* to this quote: "posting on the Internet from outside the forum and causing harm to a forum resident" is not enough to allow a Court to exercise personal jurisdiction. (ECF No. 15, at PageID.263.) Not only did this Court find no evidence of that quote in *Blessing*,

website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)).

Here, Plaintiff does not argue that any of the posts tagged Michigan residents. *See Druskinis v. StopAntisemitism*, 766 F.Supp.3d 723, 733 (E.D. Mich. 2024). Nor does he claim that the posts give Michigan users opportunity to do more than "like" or "share" Defendant's posts. (ECF No. 14.) This means that the posts lacked a commercial nature and interactivity under *Neogen*. Accordingly, the posts are too passive to establish the required contacts to grant this Court jurisdiction. *Zippo*, 952 F.Supp. at 1124. In addition, the lack of intention to reach Michigan residents means the posts would likely also fail the second requirement under *Peters* and *Calder*. *Peters*, 40 F.4th at 441; *Calder*, 465 U.S. at 789-90.

Finally, Plaintiff claims purposeful availment because Defendant's infringing acts affect a "Detroit-based artist." (ECF No. 14, at PageID.146.) But a plaintiff's contacts do not establish a defendant's contacts with a forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). That means Plaintiff's history in Detroit has no

---

but it found no evidence of the quote anywhere in any jurisprudence in any jurisdiction. The Court will address this in a separate opinion.

bearing on Defendant's contacts with Michigan and does not grant this Court personal jurisdiction over Defendant.

In short, Plaintiff fails to make a prima facie showing that Defendant has sufficient contacts with Michigan. Therefore, this Court is granting Defendant's motion to dismiss for lack of personal jurisdiction. Having reached this conclusion, the Court will not address Defendant's venue arguments.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2026